**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 22 2004**

**PATRICK FISHER**
**Clerk**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

—————————————————————————

JENNIFER RADIL,

       Plaintiff - Appellant,

    v.

SANBORN WESTERN CAMPS,
INC., a Colorado corporation,

       Defendant - Appellee,

_____

COLORADO TRIAL LAWYERS
ASSOCIATION,

       Amicus Curiae.

No. 03-1343

—————————————————————————

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**(D.C. NO. 01-MK-536 (MSK))**

—————————————————————————

Thomas L. Roberts (Bradley A. Levin, Daniel W. Patterson, and Michael J. Rosenberg with him on the briefs), Roberts Levin & Patterson, P.C., Denver, Colorado, for Plaintiff-Appellant.

Diane Vaksdal Smith (Peter W. Burg and David K. TeSelle with her on the brief) Burg Simpson Eldredge Hersh & Jardine, P.C., Englewood, Colorado, for Defendant-Appellee.

James M. Wagstaffe and Ivo LaBar, Kerr & Wagstaffe LLP, San Francisco, California, filed an Amicus Curiae brief on behalf of the Colorado Trial Lawyers Association, in support of Plaintiff-Appellant.

---

Before **SEYMOUR** , **McKAY** , and **TYMKOVICH** , Circuit Judges.

---

**TYMKOVICH** , Circuit Judge.

---

Plaintiff-appellant Jennifer Radil was seriously injured in an automobile accident during an outing with her coworkers. She applied for and was denied Colorado workers' compensation benefits. She then filed this respondeat superior diversity suit against her employer under 28 U.S.C. § 1332 (2000). The district court dismissed her suit for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) because it concluded that her exclusive remedy was through state workers' compensation proceedings. The district court found that because Radil was injured in the scope of her employment, the negligence claims against her employer were barred by state law.

We take jurisdiction of Radil's appeal under 28 U.S.C. § 1291 (2000). In this appeal, we have to decide whether the district court erred in concluding that it lacked subject matter jurisdiction to hear Radil's negligence claims. We conclude the court has jurisdiction, and, therefore reverse and remand.

## I. Factual and Procedural Background

### A. Factual Background

During the summer of 2000, Radil worked as an assistant counselor for High Trails Camp, a girls' summer camp owned and operated by defendant Sanborn Western Camps, Inc. ("Sanborn") in Western Colorado. All of the assistant counselors were young women who had finished their first year in college. Their employment term consisted of two five-week summer camp sessions.

The assistant counselors performed many duties, including preparing and cleaning up after meals, assisting with camp activities, and helping counselors supervise campers. In addition, they were on call at all times to provide leadership and supervision, as well as to respond to "current and emergency situations." App. at 1370. Their time off during the summer included four days of general leave and alternating weekend leave.

Katie Pigott supervised the assistant counselors. Her supervisors were Camp Director Janet Sanborn Van West and Assistant Camp Director Julie Richardson. These three leaders designated July 10, a day approximately halfway through the summer, as "Assistant Counselor Appreciation Day." According to Pigott, Van West, and Richardson, the purpose of this special day was to improve

morale. The assistant counselors were thus offered a choice of activities to do as a group. The twelve women chose to participate in a white-water river-rafting trip partially paid for by Sanborn.

Thereafter, Richardson selected a location and an outfitter for the rafting trip and made a reservation. The camp agreed to pay fifteen dollars towards the cost of the trip, leaving a fifteen dollar cost to be paid by each assistant counselor. Although the camp initially agreed to provide transportation via camp vans, later the camp informed the women that no vans would be available and that they would have to provide their own transportation.

On the morning of the outing, only two of the twelve participating women were able to drive personal vehicles. Four women climbed into one assistant counselor's car, while the other seven women rode in the other vehicle—a Jeep Cherokee driven by Dana Richardson. Two women, including Radil, rode without seatbelts in the rear cargo compartment of the Jeep. En route, Dana Richardson lost control of her vehicle. It rolled and in the process ejected Radil, leaving her a quadriplegic.

## B. Procedural Background

Shortly after the accident, Radil filed a workers' compensation claim against Sanborn under Colorado law. In Colorado, workers' compensation

benefits enure only "[w]here, at the time of the injury, the employee is performing service arising out of and in the course of the employee's employment." Colo. Rev. Stat. § 8-41-301(1)(b) (1999) (the "Colorado Act"). Pinnacol Assurance, Sanborn's workers' compensation insurer, denied recovery after Sanborn represented to Pinnacol that Radil's injuries were not work-related and did not occur in the scope and course of her employment. *See* App. at 1226. Therefore, because she could not receive workers' compensation, in March 2001 Radil filed a federal diversity action against Sanborn in the District of Colorado, alleging that Sanborn had been negligent in planning and organizing transportation for the activity and that Sanborn was vicariously liable for Dana Richardson's negligent driving.[1]

Sanborn filed three pretrial motions. In the first of these, a motion for summary judgment filed in April 2002, Sanborn asserted that it was immune from liability because either Radil's injuries *were* work-related and therefore Colorado workers' compensation law provided Radil's exclusive remedy or, alternatively, Radil's injuries *were not* work-related and Sanborn owed no duty of care to Radil. *See* App. at 530. In September 2002, the district court denied this motion after reviewing the record and concluding that genuine issues of material fact existed

---

[1] Radil also included Dana Richardson as a defendant in her original complaint, but claims against her are not at issue in this appeal.

regarding whether Radil's injuries arose out of and in the course of her employment.

On February 17, 2003, Sanborn filed an Application for Hearing and Notice to Set with the Colorado Division of Administrative Hearings (the "Division"), seeking to reactivate Radil's workers' compensation proceedings and to force the Division to rule again on the question of compensability in advance of the federal jury trial scheduled to commence in June 2003. *Id*. at 561. Three days later, Sanborn filed its second pretrial motion—a motion to stay the federal trial pending the resolution of the newly reactivated state workers' compensation proceedings. *Id*. at 537. In the alternative, Sanborn asked the district court to hold an evidentiary hearing to determine whether Radil's injuries occurred within the scope of her employment. *Id*.

This second attempt by Sanborn to eliminate the case from federal court failed, however, because on May 2, 2003, the Division stayed the state workers' compensation proceedings pending resolution of the district court case. *Id*. at 777. Then, on May 9, the district court denied Sanborn's motion to stay. First, it found that because the state agency had stayed its proceedings pending resolution of the district court case, no reason existed for the district court to defer the litigation. *Id*. at 806. Second, it held that it would violate Radil's Seventh

-6-

Amendment right to a jury trial to decide the scope of Radil's employment after only an evidentiary hearing. *Id*. at 814.

Finally, on April 22, 2003, Sanborn made its final attempt to extinguish the case by filing a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). Sanborn maintained that under *Stuart v. Colorado Interstate Gas Co.*, 271 F.3d 1221 (10th Cir. 2001), the district court had no jurisdiction over the suit because Colorado workers' compensation law provided Radil's exclusive remedy.[2] *See* App. at 752. In response, Radil contended that whether state law barred her civil suit was a factually disputed affirmative defense. Thus, it did not present a jurisdictional question and Sanborn bore the burden of proving the defense at trial. *Id*. at 787.

At the final trial preparation conference on May 14, 2003, the district court addressed the parties' arguments and concluded under *Stuart* that whether Colorado workers' compensation law provided Radil's exclusive remedy was a jurisdictional issue. Because a court must be satisfied that jurisdiction exists before proceeding to the merits of a case, the district court determined that it had to resolve the issue prior to trial. *Id*. at 824–25. It asked Radil what sort of a

---

[2] When an employee qualifies for workers' compensation under Colorado law, the Colorado Act provides the exclusive remedy and bars civil tort actions against the employer. *Horodyskyj v. Karanian*, 32 P.3d 470, 474 (Colo. 2001) (citing Colo. Rev. Stat. §§ 8-41-102, 8-41-104 (2000)).

hearing it should have regarding subject matter jurisdiction, and Radil initially asserted that a jury was required. *Id*. at 825. However, she ultimately "agree[d] to the Court determining the issue" when the court advised her that by insisting on a jury trial for the issue of subject matter jurisdiction, she would force the court to conduct two trials (one to determine the scope of employment to decide whether exclusivity and consequently subject matter jurisdiction existed and one to address the merits). *Id*. at 825–26. Nevertheless, in a pretrial brief she submitted one month before the evidentiary hearing, Radil again contended that Sanborn bore the burden of proving as an affirmative defense at trial that workers' compensation was Radil's exclusive remedy. *Id*. at 856 n.2.

The district court held an evidentiary hearing on July 8, 2003, to determine if it had subject matter jurisdiction over Radil's suit. To that end, it made findings regarding the state workers' compensation bar. This inquiry turned on whether the activity arose out of and in the course of Radil's employment, which depended in part on the voluntary or involuntary nature of Radil's participation in the activity. After the evidentiary hearing, the court found that all assistant counselors were required to attend the trip and therefore that Radil's injuries arose out of and in the course of her employment. Thus, it concluded that

workers' compensation was Radil's exclusive remedy and dismissed the suit under *Stuart* for lack of jurisdiction. *Id*. at 1389. Radil appealed.

## II. Analysis

### A.    Subject Matter Jurisdiction

We review the district court's dismissal for lack of subject matter jurisdiction de novo. *Marcus v. Kan. Dept. of Revenue*, 170 F.3d 1305, 1309 (10th Cir. 1999). Subject-matter jurisdiction involves a court's authority to hear a given type of case, *United States v. Morton*, 467 U.S. 822, 828 (1984), and may not be waived. *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995) (citing *Ins. Corp. v. Compagnie des Bauxites*, 456 U.S. 694, 702 (1982)). The party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter. *Marcus*, 170 F.3d at 1309; *see also Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998). Where a party attacks the factual basis for subject matter jurisdiction, the court does not presume the truthfulness of factual allegations in the complaint, but may consider evidence to resolve disputed jurisdictional facts. *Pringle v. United States*, 208 F.3d 1220, 1222 (10th Cir. 2000).

Subject matter jurisdiction is "the courts' statutory or constitutional *power* to adjudicate the case." *United States v. Cotton*, 535 U.S. 625, 630 (2002)

(quoting *Steel Co.*, 523 U.S. at 89); *see also* 16 James Wm. Moore, *Moore's Federal Practice* § 108.04 (3d ed. 2003). District and appellate courts have limited subject matter jurisdiction and may only hear cases "when empowered to do so by the Constitution and by act of Congress." Moore, *supra*, § 108.04(2). To establish subject matter jurisdiction under 28 U.S.C. § 1332, a party must show that complete diversity of citizenship exists between the parties and that the amount in controversy exceeds $75,000. *Id*. *See generally* 13B Charles Alan Wright et al., *Federal Practice and Procedure* § 3602 (2d ed. 1984) (describing the requirements of diversity jurisdiction).

The district court determined that no subject matter jurisdiction existed under *Stuart* because state workers' compensation law barred Radil's suit. Radil argues that the district court misconstrued *Stuart*, which she argues should not have applied in her case since whether her claims against her employer were barred by state law was a factually disputed issue.

In *Stuart*, a Wyoming resident was injured at a work site in Colorado. After he applied for and received Wyoming workers compensation benefits, he filed a federal diversity action against his employer's contractor. The main issue at trial was whether Wyoming or Colorado law applied, and the parties agreed that if Colorado law were to apply, no cognizable cause of action would exist

because the plaintiff had *already* obtained workers compensation benefits. Therefore, after the district court held that Colorado law did apply, it dismissed the case for lack of subject matter jurisdiction.

The plaintiff appealed the choice-of-law question to this Court. We affirmed the district court's choice-of-law decision and also explained that dismissal was proper because "there are cases where, even if diversity of citizenship exists, a federal court 'will not take jurisdiction [] unless the plaintiff has asserted a claim cognizable in the state courts.'" *Stuart*, 271 F.3d at 1225 (quoting 13B Wright, *supra*, § 3602). Because the parties had conceded that workers' compensation was the exclusive remedy for the plaintiff's injuries under Colorado law, it was undisputed that the plaintiff's claim was not cognizable in Colorado state court. Thus, because federal courts will not exercise diversity jurisdiction over non-cognizable state claims, dismissal of the case was the obvious and necessary outcome.

In contrast, the parties here have disputed the factual basis supporting the exclusivity defense throughout the proceedings. Under Colorado law, the defendant bears the burden of proving as a waivable, affirmative defense that workers' compensation is a plaintiff's exclusive remedy. *See Popovich v. Irlando*, 811 P.2d 379, 385 (Colo. 1991) (holding that a defendant bears the

-11-

burden of establishing affirmative defenses under the workers' compensation statute); *Lancaster v. C.F.& I. Steel Corp.*, 548 P.2d 914, 916 (Colo. 1976) (referring to workers' compensation immunity as an "affirmative defense"); *Bigby v. Big 3 Supply Co.*, 937 P.2d 794, 799 (Colo. Ct. App. 1996) (holding that "the exclusivity of workers' compensation is an affirmative statutory defense which must be timely raised, or it is waived"). As a waivable defense, this issue does not implicate the federal courts' subject matter jurisdiction. *See Laughlin*, 50 F.3d at 873 (citing *Compagnie des Bauxites*, 456 U.S. at 702) (noting that subject matter jurisdiction cannot be waived); 2 Moore's, *supra*, § 8.07[3] (noting that affirmative defenses are waivable); *see also Denver & Rio Grande W. R. Co. v. Blackett*, 538 F.2d 291, 294 (10th Cir. 1976) ("[T]he application of affirmative defenses offer[s] no jurisdictional question.").[3]

While it is true, as Sanborn points out, that Colorado courts have barred civil suits against employers when workers' compensation was available, in none of these cases did the parties dispute the existence of the state law bar, as they have done in the current case. *See, e.g.*, *Kandt v. Evans*, 645 P.2d 1300, 1305-06

---

[3] Sanborn apparently agrees. In its motion for stay of proceedings, Sanborn asserted that exclusivity is an affirmative defense. App. at 538 ("Sanborn filed a Motion for Summary Judgment based upon its affirmative defense that the injury arose in the course and scope of Plaintiff's employment and that this action was therefore barred under Colorado's worker's compensation exclusivity rule.").

(Colo. 1982) (affirming grant of summary judgment because plaintiff had already received workers' compensation benefits and the fact that plaintiff was acting within scope of employment was not disputed); *Hilzer v. MacDonald*, 454 P.2d 928, 931-32 (Colo. 1969) (affirming district court's dismissal of suit against employer because plaintiff had already received benefits); *McKelvy v. Liberty Mut. Ins. Co.*, 983 P.2d 42, 43–44 (Colo. Ct. App. 1998) (affirming dismissal for lack of jurisdiction where plaintiff admitted injury occurred in the scope of employment); *Colo. Comp. Ins. Auth. v. Baker*, 955 P.2d 86 (Colo. Ct. App. 1998) (affirming dismissal for lack of jurisdiction where claimants had already received benefits).

On the other hand, in cases where the parties have challenged the existence of the state law bar, the issue has always been sent to the trier of fact. *See J&K Constr. Co. v. Molton*, 390 P.2d 68, 73–74 (Colo. 1964) (holding that the disputed issue with respect to the state law bar was properly submitted to the jury); *United Cable Television of Jeffco, Inc. v. Montgomery LC, Inc.*, 942 P.2d 1230, 1234 (Colo. Ct. App. 1996) (holding that factual issues essential to determining whether state law bar applied should be submitted to a jury); *cf. Massie v. Godfather's Pizza, Inc.*, 844 F.2d 1414, 1421 (10th Cir. 1988) (finding that the case was properly submitted to a jury because the parties disputed the exclusive

-13-

nature of workers' compensation proceedings under Utah law). Thus, under Colorado law, where the application of the state law bar is conceded, workers' compensation law provides the exclusive remedy and civil tort suits against the employer are barred (thus making such claims non-cognizable in state and federal courts). Conversely, where the application of the exclusivity defense bar is disputed, as it is here, the issue must be determined by the trier of fact.

As previously noted, the district court held twice in this case that whether workers' compensation provided Radil's exclusive remedy was a disputed jury question. Even at the evidentiary hearing, the court acknowledged that deciding if Radil's participation in the rafting trip was voluntary was a "difficult question." App. 1386. At the hearing, Radil presented numerous facts supporting her claim that the outing did not occur within the scope of her employment, including evidence that the trip was voluntary and the day was merely an extra day off, App. at 941–42, 955, 978–79, 1056–57, 1071, 1085, 1180, 1194, 1196–1200; that the one assistant counselor who stayed behind was not required to do any work, *id.* at 1181–82; and that the assistant counselors coordinated details of the trip, including what they would do, who would drive, who would ride in which vehicle, and how they would spend the rest of the day following the conclusion of the rafting trip in early afternoon, *id*. at 939, 957, 980, 1180, 1183, 1186.

-14-

Furthermore, throughout the course of the litigation Sanborn's witnesses consistently took the position that Radil was not entitled to benefits because the accident happened on time off when Radil was relieved of employment duties. *See* App. at 440, 442, 457, 965–66, 1036, 1157, 1334, 1335, 1336.

There is no doubt the parties hotly disputed the fact of whether Radil's injuries arose in the course of her employment. Consequently, under Colorado law Sanborn should have been required to prove the state law bar to Radil's civil suit to a jury as an affirmative defense.

## B.   Waiver

Sanborn also argues that Radil has waived her argument that the district court improperly determined whether workers' compensation was her exclusive remedy because she agreed to have the district court decide the issue of subject matter jurisdiction at the May 14 pretrial conference. *See* App. at 825–26. We find Sanborn's argument unpersuasive.

It is the general rule, of course, that a federal appellate court will not consider an issue not passed upon below. *Lyons v. Jefferson Bank & Trust*, 994 F.2d 716, 720 (10th Cir. 1993) (citing *Singleton v. Wulff*, 428 U.S. 106, 120 (1976)). Furthermore, subject to narrow exceptions not applicable here, a party may not raise an issue on appeal unless he or she objected to the issue in the

district court. *See Farmers Ins. Co., Inc. v. Hubbard*, 869 F.2d 565, 570 (10th Cir. 1989). Although it is true that Radil eventually acquiesced to an evidentiary hearing on the court's subject matter jurisdiction, both Sanborn and the court were well aware of Radil's contention throughout the proceedings that a jury was required to decide whether the state law bar applied. *See* App. 266 (Answer Br. in Opp'n to Sanborn's Mot. for Summ. J.), 579 (Opp'n to Sanborn's Mot. for Stay), 782 (Resp. in Opp'n to Sanborn's Rule 12(b)(1) Mot.). In fact, approximately one month prior to the evidentiary hearing, Radil stated her objection in the following terms:

> In light of the Court's determination over Plaintiff's objection that the question of workers' compensation exclusivity challenges the Court's subject matter jurisdiction, Plaintiff agreed to a determination of that question by the Court rather than jury. *Plaintiff submits this Trial Brief without waiving its position that the issue is an affirmative defense for which Defendants, not Plaintiff, bear the burden of proof and which should be decided by the jury*, along with liability and damages.

App. 856 n.2 (emphasis added) (Resp. in Opp'n to Sanborn's Rule 12(b)(1) Mot.). Thus, on this record we find that Radil sufficiently objected to the evidentiary hearing. Radil therefore did not waive her argument that a jury should have decided whether her negligence claims were barred by the workers' compensation statute.

-16-

**C.** **Conclusion**

Accordingly, we REVERSE the district court decision and REMAND for further proceedings consistent with this opinion.  Appellant's motion to certify question of state law to the Colorado Supreme Court is denied.