FILED
United States Court of Appeals
Tenth Circuit

**February 1, 2008**

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

JOHNNY A. MONTANA,

     Plaintiff-Appellant,

v.

ROBERT O. LAMPERT, Director,
Wyoming Department of Corrections;
MICHAEL J. MURPHY, Warden,
Wyoming Department of Corrections
State Penitentiary; RANDY BAUNACH,
Case Worker, Wyoming Department of
Corrections State Penitentiary; MICHELE
BRANNAN, Law Librarian, Wyoming
Department of Corrections State
Penitentiary; RON DEFAUW, Unit
Manager, Wyoming Department of
Corrections State Penitentiary; all
individually and in their official
capacities,

     Defendants-Appellees.

No. 07-8090

(D.C. No. 06-CV-00270-WFD)
(D. Wyoming)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE, McKAY,** and **McCONNELL**, Circuit Judges.

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is, therefore, submitted without oral argument.

Johnny Montana, a Wyoming prisoner appearing pro se, appeals from the district court's dismissal of his 42 U.S.C. § 1983 complaint against various Wyoming Department of Corrections officials alleging denial of his constitutional right of access to the courts.  We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

I.

Montana is an inmate in the custody of the Wyoming Department of Corrections (WDOC), and is currently confined in the Wyoming State Penitentiary (WSP), Rawlins-South Facility, located in Rawlins, Wyoming.  ROA, Vol. I, Doc. 1 at 2.  On November 14, 2006, Montana filed this action against various WDOC officials alleging that they "promulgated . . . certain rules and regulations relating to the access of prisoners to law books," and that "[s]uch rules and regulations limit[ed] the [number and type of] books in the prison law library . . . ."[1]  Id. at 3.  Montana alleged that, as a result of the defendants' actions, "[t]he contents of th[e] [WSP] law library [we]re inadequate for the effective preparation of petitions, motions, and complaints by the prisoners . . . confined" there.  Id.

---

[1] According to an attachment to Montana's complaint, the WSP law library includes a complete set of American Jurisprudence (2d Ed.), the complete Wyoming Digest, and a complete set of Wyoming Statutes, Annotated.  ROA, Vol. 1, Doc. 1, Exh. 1 (Law Book Inventory).

2

Montana further alleged that "prisoners [we]re allowed the use of only certain books from the law library," id., and were "not allowed to physically visit the law library and browse through the law books in search of case law, and or for ideas to help them in their litigation either in the civil and/or criminal arenas." Id. at 4. Montana sought relief in the form of "a temporary and final injunction enjoining defendant from further depriving [him and other inmates] of their rights to due process and equal protection of the law" and "ordering defendants to provide [him and other inmates] with adequate law books and law library facilities," id. at 15, "[a] declaration that the acts and omissions" complained of "violated [his] rights under the Constitution and laws of the United States," id. at 15-16, compensatory and punitive damages, and any other relief deemed by the court to be appropriate. Id. at 16.

Defendants moved to dismiss Montana's complaint, arguing in pertinent part that Montana had failed to "identify a single petition, motion, complaint, or other legal document that he . . . was unable to prepare as a result of the allegedly inadequate library at the WSP." Id., Doc. 11 at 3. Thus, defendants argued, Montana's complaint failed to allege any actual injury, and that "[w]ithout alleging that some nonfrivolous legal claim ha[d] been frustrated or [wa]s being impeded, no action for denial of access to the courts c[ould] be maintained" by Montana. Id. at 5.

Montana, in response to defendants' motion to dismiss, sought permission for leave to file an amended complaint "adding additional parties, and additional exhibits to his complaint." Id., Doc. 13 at 1. Montana did not, however, provide the district court

3

with a copy of any proposed amended complaint, nor did he provide any detail as to the "additional parties" or "additional exhibits" he referred to in his motion.

Montana also filed a memorandum of law in opposition to defendants' motion to dismiss. Therein, Montana alleged that he "had his Colorado Civil Rights Complaint dismissed due to the defendants['] actions or inactions as alleged in his complaint," "had his Federal Habeas Corpus dismissed at least once due to the defendants['] actions or inactions as alleged in his complaint," and "had his Wyoming Civil Rights Complaint . . . dismissed due to the defendants['] actions or inactions as alleged in his complaint . . . ." Id., Doc. 16 at 5.

In their reply brief in support of their motion to dismiss, defendants addressed the three pieces of litigation identified by Montana. First, defendants explained that the "Colorado Civil Rights Complaint" identified by Montana had been dismissed without prejudice due to Montana's failure to attach a certified copy of his inmate trust account for the six months prior to his pleadings. Id., Doc. 18 at 2. Second, defendants noted that it was unclear precisely what "Federal Habeas Corpus" action Montana was referring to, but that he had filed federal habeas corpus petitions in 2004 and 2005 and had both of them dismissed due to his failure to pay filing fees. Id. at 4, n.1. Defendants also noted that Montana had previously attempted to challenge a Colorado state conviction and, according to his own pleadings in prior cases, had allegedly had that action dismissed because "he was denied access to some legal papers as a result of a shake down that occurred in a Colorado prison in June 2002." Id. at 4. Lastly, defendants explained that

4

the "Wyoming Civil Rights Complaint" identified by Montana had been dismissed due to Montana's failure to satisfy the Prison Litigation Reform Act's exhaustion requirement.[2] Id. at 3. Although Montana filed a "response" to the defendants' reply brief, he did not offer any allegations that linked his three pieces of prior litigation to the defendants' allegedly improper administration of the prison law library.

The magistrate judge assigned to the case denied Montana's motion to file an amended complaint. Thereafter, the district court granted defendants' motion to dismiss, concluding that "Montana ha[d] failed to assert any actual injury in his complaint . . . ." Id., Doc. 29 at 2. More specifically, the district court concluded that because "actual injury [wa]s a constitutional prerequisite to maintaining a claim involving denial of access to the courts, . . . Montana's failure to assert any actual injury must result in the dismissal of his complaint." Id. Although Montana subsequently moved to alter or amend the judgment and for leave to file an amended complaint, the district court denied both motions.

## II.

We review de novo a district court's order dismissing a complaint for failure to state a claim. Trentadue v. Integrity Comm., 501 F.3d 1215, 1236 (10th Cir. 2007). We will affirm only if the complaint at issue, viewed in the light most favorable to the plaintiff, "lacks 'enough facts to state a claim to relief that is plausible on its face.'" Id.

---

[2] Defendants submitted copies of the relevant court orders in these previous cases to support their assertions.

(quoting Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1974 (2007)).  Where a defendant's motion to dismiss attacks the factual basis for subject matter jurisdiction, we do "not presume the truthfulness of factual allegations in the complaint, but may consider evidence to resolve disputed jurisdictional facts."  Radil v. Sanborn W. Camps, Inc., 384 F.3d 1220, 1224 (10th Cir. 2004).

To assert a violation of the constitutional right to adequate, effective, and meaningful access to the courts[3], a prisoner must allege facts indicating a denial of legal resources and that the denial of such resources hindered his efforts to pursue a nonfrivolous claim.  Penrod v. Zavaras, 94 F.3d 1399, 1403 (10th Cir. 1996) (citing Lewis v. Casey, 518 U.S. 343, 350 (1996)).  The district court in this case concluded, and we agree after examining the record, that Montana's pleadings failed to sufficiently satisfy this second requirement.  In particular, nowhere in his voluminous pleadings did Montana ever sufficiently allege that the limitations purportedly placed by the defendants on his access to prison law library materials hindered his efforts to pursue a nonfrivolous claim.  Thus, we conclude that the district court properly dismissed his complaint for failure to state a cognizable claim under 42 U.S.C. § 1983.

---

[3] We note that, contrary to some of the assertions set forth in Montana's complaint, the right of access to the courts does not entail a constitutional right to a law library or professional legal assistance.  Lewis, 518 U.S. at 350.  Instead, "meaningful access to the courts is the touchstone," Bounds v. Smith, 430 U.S. 817, 823 (1977), and the Supreme Court has specifically condoned programs that "replace libraries with some minimal access to legal advice and a system of court-provided forms."  Lewis, 518 U.S. at 352.

6

Appellant's motion for leave to proceed in forma pauperis on appeal is DENIED and the judgment of the district court is AFFIRMED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge