**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 4, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

FABIAN TINNER,

        Plaintiff – Appellant,

v.

FARMERS INSURANCE COMPANY,
INC.,

        Defendant - Appellee.

No. 12-3115
(D.C. No. 2:11-CV-02694-JTM-DJW)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **O'BRIEN**, and **MATHESON**, Circuit Judges.

      Fabian Tinner, appearing pro se, appeals from the district court's denial of his

various post-judgment motions.[1] Because the district court correctly determined it lacked

---

      [*] The parties have waived oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). This case is submitted for decision on the briefs.

      This order and judgment is an unpublished decision, not binding precedent. 10th Cir. R. 32.1(A). Citation to unpublished decisions is not prohibited. Fed. R. App. 32.1. It is appropriate as it relates to law of the case, issue preclusion and claim preclusion. Unpublished decisions may also be cited for their persuasive value. 10th Cir. R. 32.1(A). Citation to an order and judgment must be accompanied by an appropriate parenthetical notation – (unpublished). *Id.*

      [1] The district court granted Tinner leave to proceed on appeal without prepayment of fees.

subject matter jurisdiction, we affirm.

## I.  BACKGROUND

Tinner had an auto insurance policy with Farmers Insurance Company (Farmers) which provided uninsured motorist coverage.  In April 2005, he was injured in a two-vehicle car accident.  Because the driver of the other vehicle was uninsured, Tinner filed a claim with Farmers.  After retaining counsel, Tinner settled with Farmers in 2009.

In December 2011, Tinner filed the instant action against Farmers alleging Farmers breached the insurance policy by (1) wrongfully paying a portion of the settlement funds to a non-lienholder, (2) failing to pay him lost wages as a result of the accident and (3) failing to pay his attorneys' fees.  In completing the "Jurisdiction" section of the form complaint, he alleged diversity of citizenship based on his status as a Kansas citizen and Farmers' status as a citizen of Oklahoma.  (R. at 6.)  He also checked the box indicating the "case arises because of a violation of the civil or equal rights, privileges, or immunities accorded to citizens of, or persons within the jurisdiction of, the United States (28 U.S.C. § 1343)."  (*Id.* at 7.)

Farmers filed a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure.[2]  It attached a certificate from the Kansas Secretary of State certifying it is incorporated under the laws of Kansas.  Thus Farmers claimed it is a Kansas citizen, not a citizen of Oklahoma.  Because Tinner is also

---

[2]  Farmers also filed a motion for failure to state a claim upon which relief can be granted under Rule 12(b)(6).  Given our disposition of the case, we need not address this motion.

a citizen of Kansas, Farmers argued diversity of citizenship jurisdiction did not exist. Moreover, because Tinner had not alleged any facts giving rise to a civil rights violation, Farmers asserted 28 U.S.C. § 1343 was inapplicable and federal question jurisdiction was lacking.

Tinner filed a "Motion in Response for Evidentiary Hearing as a Matter of Law" pursuant to Rule 50(a) of the Federal Rules of Civil Procedure. (*Id.* at 36.) Among other things, Tinner claimed Farmers had initially paid him one month of lost wages but stopped payment in breach of the policy thereby "depriving [him of] due process [and] equal enforcement of rights, privileges, and immunities[.]" (*Id.*) Tinner further claimed Farmers acted in bad faith in accepting his monthly premium for insurance coverage yet denying his claim and requiring him to retain legal counsel to settle it. He claimed those acts were "deliberately done, because of my racial status." (*Id.* at 39.) In addressing the court's jurisdiction, Tinner did not discuss diversity of citizenship jurisdiction, instead he claimed the court had jurisdiction under § 1343.

The district court granted Farmers' motion, noting Tinner had not filed a timely response to the motion. It agreed with Farmers that both diversity and federal question jurisdiction were lacking. Judgment was entered the same day.

Tinner filed various post-judgment motions including (1) a Motion for New Trial, arguing the court erred in granting Farmers' motion without ruling on his Rule 50(a) motion wherein he alleged constitutional deprivations; (2) a Motion for Relief from Judgment, claiming he responded to Farmers' motion to dismiss and it was the Clerk of the Court which mistakenly informed the court no response had been filed; and (3) a

Motion for Writ of Execution requesting a court order directing Farmers to submit a check to him for the alleged due process, equal protection and breach of contract claims and for his lost wages and attorneys' fees. He also requested hearings on each motion.

The district court denied the motions. While Tinner filed a response to Farmers' motion to dismiss, the court determined the response was not timely under its local rules and Tinner had failed to seek an extension of time. In any event, the court concluded Tinner's response, which it viewed as Tinner's attempt to "repackage" his state law claims into federal civil rights claims, lacked merit. (*Id.* at 117.) It determined Tinner's complaint was "utterly devoid of any suggestion of federal question jurisdiction" and only alleged state law claims. (*Id.*) Accordingly, dismissal for lack of jurisdiction was proper and post-judgment relief was unwarranted.

Still not satisfied, Tinner filed a motion to alter or amend judgment and a motion for a hearing. The district court denied both motions, threatening sanctions if Tinner continued to file frivolous motions challenging the dismissal of the case.

## II. DISCUSSION

Neither Tinner's original notice of appeal nor his amended notice of appeal designate the district court's order granting Farmers' motion to dismiss as the order from which his appeal was taken. Rather, both notices are limited to seeking review of the court's orders denying his post-judgment motions. Therefore, we lack jurisdiction to review the district court's decision granting Farmers' motion to dismiss and our review is limited to the court's denial of Tinner's post-judgment motions. *See Foote v. Spiegel*, 118 F.3d 1416, 1422 (10th Cir. 1997) (stating we have jurisdiction to address only those

- 4 -

issues raised in the notice of appeal); *see also* Fed. R. App. P. 3(c)(1)(B) (stating the notice of appeal must designate the judgment or order being appealed). We review for abuse of discretion the denial of motions to alter or amend judgment and motions for relief from judgment. *Butler v. Kempthorne*, 532 F.3d 1108, 1110 (10th Cir. 2008). Nevertheless, because the district court denied Tinner's post-judgment motions based on its conclusion it lacked jurisdiction, the resolution of this appeal turns on the jurisdictional inquiry.

Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and federal statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "The party invoking federal jurisdiction bears the burden of establishing such jurisdiction." *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004). "Where a party attacks the factual basis for subject matter jurisdiction, the court does not presume the truthfulness of factual allegations in the complaint, but may consider evidence to resolve disputed jurisdictional facts." *Id.*

A. <u>Diversity of Citizenship Jurisdiction</u>

District courts have original jurisdiction of all civil actions "where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States." *See* 28 U.S.C. § 1332(a)(1). "Under 28 U.S.C. § 1332(a) the citizenship of all defendants must be different from the citizenship of all plaintiffs." *McPhail v. Deere & Co.*, 529 F.3d 947, 951 (10th Cir. 2008). For purposes of § 1332, a corporation is deemed to be a "citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business." 28 U.S.C.

§ 1332(c)(1).

Undisputedly, Tinner is a citizen of Kansas.  In support of its Rule 12(b)(1) motion to dismiss, Farmers provided a certificate from the Kansas Secretary of State demonstrating it is incorporated under the laws of Kansas.  Tinner does not dispute this evidence.  Indeed, he does not contest the lack of diversity jurisdiction in his opening brief.  It is not until his reply brief[3] that he points to correspondence he received from Farmers which lists Farmers' address as a post office box in Oklahoma City, Oklahoma. We generally do not review issues raised for the first time in a reply brief.  *Stump v. Gates*, 211 F.3d 527, 533 (10th Cir. 2000).  Nevertheless, Farmers' office in Oklahoma does not undermine the fact that it is incorporated under the laws of Kansas and therefore is considered a "citizen" of Kansas under 28 U.S. § 1332(c)(1).  Because both Tinner and Farmers are citizens of Kansas, diversity of citizenship jurisdiction is lacking.

B.      Federal Question Jurisdiction

The district courts have "original jurisdiction over all civil actions arising under the Constitution, laws, or treatises of the United States."  28 U.S.C. § 1331.  For a case to arise under federal law within the meaning of § 1331, the plaintiff's "well-pleaded complaint" must establish either: (1) "federal law creates the cause of action" or (2) "the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."  *Firstenberg v. City of Santa Fe, N.M.*, 696 F.3d 1018, 1023 (10th Cir.

---

[3] After Farmers filed its responsive brief, Tinner filed another opening brief and appendix.  We construe this brief as a reply brief.  Although the reply brief and appendix are untimely, we will allow them to be filed out of time.

2012). "[O]ur task is to look to the face of the complaint . . . and ask, is it drawn so as to claim a right to recover under the Constitution and laws of the United States?" *Id.* (citation and quotations omitted). A "complaint must identify the statutory or constitutional provision under which the claim arises, and allege sufficient facts to show that the case is one arising under federal law." *Martinez v. U.S. Olympic Comm.*, 802 F.2d 1275, 1280 (10th Cir. 1986).

The crux of Tinner's complaint, which he did not seek to amend, is a state-law cause of action based on breach of contract and fraud. "Federal law neither created this cause of action nor is federal law a necessary element of it. It is purely a state-law claim." *Firstenberg*, 696 F.3d at 1025. The only mention of a federal claim in the complaint consists of a checkmark next to 28 U.S.C. § 1343 as a basis for jurisdiction. While § 1343 gives district courts original jurisdiction over civil rights claims, Tinner's complaint is utterly devoid of any such claims or any facts supporting such claims.[4] *See Martinez,* 802 F.2d at 1280 (holding complaint alleging common-law negligence and

---

[4] 28 U.S.C. § 1343 provides in relevant part:

(a) The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:

 . . . .

(3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States;

(4) To recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights, including the right to vote.

merely alleging federal constitutional rights "were violated" and "substantial federal questions [were] involved" did not satisfy well-pleaded complaint rule); *see also Okla. High Sch. Athletic Ass'n v. Bray*, 321 F.2d 269, 273 (10th Cir. 1963) ("[T]he potential jurisdiction of the Civil Rights Act cannot be used as a sham for a review of the acts of [a defendant] which do not involve a civil right.").

Tinner's "response" to Farmers' motion to dismiss (i.e., his Rule 50(a) motion) did not save the complaint for two reasons. First, the "response" was untimely. Second, even if it is considered, it is clearly, as the district court concluded, an attempt by Tinner to "repackage" his state law claims into federal civil rights claims in order to avoid dismissal. (R. at 117.) *See Bell v. Hood*, 327 U.S. 678, 682 (1946) ("[A] suit may sometimes be dismissed for want of jurisdiction where the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction . . . .").

> We recognize we must read Tinner's *pro se* complaint liberally:
>
> However,the generous construction that we afford pro se pleadings has limits, and we must avoid becoming the plaintiff's advocate. Though we do not hold the pro se plaintiff to the standard of a trained lawyer, we nonetheless rely on the plaintiff's statement of his own cause of action. Thus, we may not re-write a complaint to include claims that were never presented.

*Firstenberg*, 696 F.3d at 1024 (assuming liberal-construction rules applicable to pro se complaints also apply to determining whether pro se complaint presents a federal question) (citations and quotations omitted).

The district court properly dismissed Tinner's complaint for lack of subject matter

jurisdiction. *See Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 95 (1998) ("'Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.'") (quoting *Ex parte McCardle*, 74 U.S. 506, 514 (1868)). Thus its denial of Tinner's post-judgment motions was also proper.

**AFFIRMED.**

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge