**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 12, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

OTHMAN A. RAHAB, a/k/a Othel Gray, Jr.,

     Plaintiff - Appellant,

v.

JESSICA FREEMAN; AMERICAN CAB CO.,

     Defendants - Appellees.

No. 15-3144
(D.C. No. 6:15-CV-01138-MLB-KMH)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **TYMKOVICH**, and **MORITZ**, Circuit Judges.
_____

Othman Rahab appeals the district court's sua sponte dismissal of his pro se complaint for lack of subject-matter jurisdiction. *See* 28 U.S.C. § 1915(e)(2) (providing screening procedures for sua sponte dismissal of meritless actions brought in forma pauperis);[1] Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action if "at any time" it determines it lacks subject-matter jurisdiction).

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value. *See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

[1] Although Jones proceeded in forma pauperis below, he has paid his filing fee in full for this appeal.

Rahab sued Jessica Freeman and American Cab Company in federal district court alleging that Freeman failed to stop at a red light and crashed into the American Cab taxi in which Rahab was a passenger, seriously injuring him. We review de novo the district court's decision dismissing Rahab's suit for lack of subject-matter jurisdiction. *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004).

As the party invoking federal jurisdiction, Rahab bears the burden of establishing jurisdiction. *Id.* He has not met this burden. Construed liberally, Rahab's complaint seems to allege only state-law personal injury claims against Freeman and American Cab. Such claims do not establish federal-question jurisdiction under 28 U.S.C. § 1331—they do not "aris[e] under the Constitution, laws, or treaties of the United States." Nor does Rahab allege diversity jurisdiction under 28 U.S.C. § 1332—his original complaint alleged that all parties were citizens of Kansas and his amended complaint said nothing about the parties' citizenship. We therefore affirm the district court's dismissal of Rahab's complaint for lack of subject-matter jurisdiction.

Entered for the Court

Nancy L. Moritz
Circuit Judge

2