**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 25, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

RAFAEL G. HANKISHIYEV,

     Plaintiff-Appellant,

v.

ARUP LABORATORIES; TOM
TOPIC; DAVID ROGERS; BEA
LAYTON,

     Defendants-Appellees.

No. 17-4146
(D.C. No. 2:15-CV-00651-JNP)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **BALDOCK**, and **BACHARACH**, Circuit Judges.
_____

Mr. Rafael G. Hankishiyev sued his former employer (ARUP

Laboratories) and three of its employees, invoking Title VII of the Civil

Rights Act for claims of unlawful retaliation and age discrimination. The

district court granted summary judgment to the defendants on the

retaliation claim and dismissed the age-discrimination claim for lack of

---

[*] The parties do not request oral argument, and it would not materially help us to decide this appeal. As a result, we decide the appeal based on the briefs. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

This order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value under Fed. R. App. P. 32.1(a) and 10th Cir. R. 32.1(A).

jurisdiction. The court also sanctioned Mr. Hankishiyev, requiring him to pay ARUP's attorney fees and costs for two depositions. We affirm.

## I.    Background

*Request for Enrollment in MLT Program.* Mr. Hankishiyev started working for ARUP in September 2007. ARUP offered a program that allowed employees to earn a Medical Laboratory Technician (MLT) degree free of charge. Mr. Hankishiyev already had an MLT degree, but in 2012 he applied to participate in the degree program, stating on his application:

> With Arup's discrimination policy (in reality, not by declaration), its supervisors, using the loop-hole instructions in hiring process, prefer a school students/drop-outs from the first-sort people over the ASCP Certificated MLT from the second-sort people. My goal is to study this on-line program, take more classes, etc, and see how many MLT diploma, ASCP Certifications, BSs, Evaluations for Medical Technologist, President Lists must the second-sort individual obtain to get the MLT position in the ARUP's *cast* system. It will be my contribution to ARUP because a Patient Care is not just declaration; it's the practice that goes along with other actions.

R. at 46 (emphasis in original).

ARUP rejected the application, explaining to Mr. Hankishiyev that because he already had an MLT degree, his participation in the program would result in an inefficient use of ARUP's resources and take a spot from another employee who was eligible to participate.

*Self-Assessment.* Later that year, Mr. Hankishiyev completed a self-assessment, commenting that his top responsibility for the past year and his goal for the coming year was "praying for management." *Id.* at 63

2

(internal quotation marks omitted). When questioned about the comment, he reportedly said: "I don't even know how to pray, so you can scratch that off the list." *Id.* (internal quotation marks omitted). ARUP concluded that

- Mr. Hankishiyev's responses displayed a "negative attitude toward . . . ARUP" and

- his "anger and almost hatred toward ARUP [was] not healthy or acceptable."

*Id.* at 64. ARUP terminated Mr. Hankishiyev's employment in December 2012.

*EEOC Complaint.* Two months later, Mr. Hankishiyev complained to the Equal Employment Opportunity Commission (EEOC). On the EEOC charge form, Mr. Hankishiyev checked boxes for "Title VII" and "Retaliation," leaving blank the boxes for "ADEA" (referring to the Age Discrimination in Employment Act) and "Age." *Id.* at 669. An EEOC investigator "concluded that it [was] unlikely that additional investigation would result in a finding that the law (Title VII) was violated." *Id.* at 21. Mr. Hankishiyev then brought this suit for retaliation and age discrimination.

*Deposition Sanction.* In this suit, Mr. Hankishiyev was deposed three times because of his lack of cooperation in the first two depositions. After Mr. Hankishiyev was deposed the first time, a magistrate judge granted ARUP's motion to compel cooperation in depositions because Mr. Hankishiyev had refused to answer numerous questions, including basic

3

questions like his name, age, and home address. In granting the motion, the magistrate judge ordered Mr. Hankishiyev to (1) "directly and succinctly answer all questions posed to him in a non-argumentative fashion," (2) "review and identify all exhibits presented to him and directly and succinctly answer questions regarding such exhibits in a non-argumentative fashion," and (3) "otherwise comply with the Federal Rules of Civil Procedure." *Id.* at 236.

After a second deposition, the magistrate judge determined that Mr. Hankishiyev had violated the order "by making excessive objections, refusing to directly answer questions and failing to properly review and identify exhibits presented to him." *Id.* at 422. With this determination, the magistrate judge ordered Mr. Hankishiyev to pay the reasonable expenses and attorney fees related to the second deposition, to cooperate with counsel for ARUP at a third deposition, and to pay the reasonable expenses and attorney fees related to the third deposition. Ultimately, the court ordered Mr. Hankishiyev to pay ARUP $8,723.09 for the second and third depositions.

*Proceedings in District Court.* The district court granted summary judgment to ARUP on the retaliation claim, reasoning that Mr. Hankishiyev had not shown protected opposition to discrimination or causation between his termination and a protected activity. In addition, the court dismissed the age-discrimination claim without prejudice, reasoning that Mr.

4

Hankishiyev's failure to exhaust this claim precluded subject-matter jurisdiction.

*Appellate Arguments.* On appeal, Mr. Hankishiyev argues that

- the district court erred by concluding that he had failed to make a prima facie showing of retaliation,

- he properly exhausted his age-discrimination claim or should not have had to exhaust administrative remedies because ARUP had caused him psychological distress, and

- the magistrate judge erred in requiring Mr. Hankishiyev to pay for his second and third depositions.

## II.   Summary Judgment on the Retaliation Claim

On the summary-judgment ruling, we engage in de novo review. *See Adamson v. Multi Cmty. Diversified Servs., Inc.*, 514 F.3d 1136, 1145 (10th Cir. 2008). Summary judgment is appropriate only if there is no genuine dispute as to a material fact and ARUP is entitled to judgment as a matter of law. *See Tabor v. Hilti, Inc.*, 703 F.3d 1206, 1215 (10th Cir. 2013). We view the evidence in the light most favorable to Mr. Hankishiyev and draw all reasonable inferences in his favor. *Id*.

To satisfy this standard on the retaliation claim, Mr. Hankishiyev needed to "demonstrate (1) that he [had] engaged in protected opposition to discrimination, (2) that a reasonable employee would have found the challenged action materially adverse, and (3) that a causal connection existed between the protected activity and the materially adverse action."

5

*Argo v. Blue Cross & Blue Shield of Kan., Inc.*, 452 F.3d 1193, 1202 (10th Cir. 2006) (footnote omitted).

Mr. Hankishiyev argues that he engaged in protected opposition to age discrimination, relying on his application for the MLT degree program. On his application, Mr. Hankishiyev wrote that ARUP had a "discrimination policy" based on a preference for "school students/drop-outs." R. at 46. But "generalized employment complaints" do not amount to protected opposition to discrimination. *Hinds v. Sprint/United Mgmt. Co.*, 523 F.3d 1187, 1202 (10th Cir. 2008). "Although no magic words are required, to qualify as protected opposition the employee must convey to the employer his or her concern that the employer has engaged in a practice made unlawful by the ADEA." *Id.* at 1203.

The allegations in Mr. Hankishiyev's MLT application do not suggest protected opposition to discrimination based on age. Nor has Mr. Hankishiyev shown that any of his statements could entail protected activity.

Moreover, "[u]nless an employer knows that an employee is engaging in protected activity, it cannot retaliate against that employee *because* of the protected conduct, as required by statute." *Jones v. United Parcel Serv., Inc.*, 502 F.3d 1176, 1195 (10th Cir. 2007) (emphasis in original). Mr. Hankishiyev does not identify any evidence that ARUP

6

- interpreted his comments as protected opposition to discrimination or

- retaliated for a protected activity.

Thus, Mr. Hankishiyev has not presented evidence of a causal connection between his alleged protected activity and the termination. *See Hinds v. Sprint/United Mgmt. Co.*, 523 F.3d 1187, 1203 (10th Cir. 2008).

We agree with the district court that Mr. Hankishiyev failed to establish the first and third elements of a prima facie case for retaliation. Therefore, we uphold the award of summary judgment on this claim.

## III.   Dismissal of the Discrimination Claim

We also review de novo the district court's dismissal of the age-discrimination claim for lack of subject-matter jurisdiction. *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004). "The party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *Id.* For jurisdiction over the age-discrimination claim, Mr. Hankishiyev had to exhaust the EEOC's available administrative remedies. *Shikles v. Sprint/United Mgmt. Co.*, 426 F.3d 1304, 1306 (10th Cir. 2005).

Mr. Hankishiyev contends that the district court erred in concluding that he had failed to exhaust available administrative remedies on the age-discrimination claim. He concedes that he failed to check the charge form's box for ADEA and age discrimination, and courts generally look to the

7

charge form to determine whether administrative remedies have been exhausted. *Jones v. Needham*, 856 F.3d 1284, 1290 (10th Cir. 2017). Thus, Mr. Hankishiyev's failure to check the ADEA/age-discrimination box on the charge form would generally preclude jurisdiction.

Mr. Hankishiyev contends that his deficient charge form was cured by his EEOC intake questionnaire, where he raised the age-discrimination claim. We reject this contention.

In *Federal Express Corp. v. Holowecki*, 552 U.S. 389 (2008), the Supreme Court held that a filing other than a formal charge, such as a questionnaire, may be considered as a charge if the filing contains the required information and can reasonably be interpreted as a request for agency action. *Fed. Express Corp.,* 552 U.S. at 402. But in *Federal Express Corp.*, the claimant had filed only a questionnaire; thus, the Supreme Court did not address a situation where a claimant files both a formal charge and questionnaire.

Because Mr. Hankishiyev filed a formal charge claiming only retaliation, not age discrimination, we decline to read allegations from the questionnaire into the charge itself. To do so would undermine the policies requiring exhaustion. *See Ingels v. Thiokol Corp.*, 42 F.3d 616, 625 (10th Cir. 1994) (Administrative exhaustion in discrimination cases "(1) . . . give[s] notice of the alleged violation to the charged party; and (2) . . . give[s] the EEOC an opportunity to conciliate the claim."), *abrogated on*

8

*other grounds by Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101

(2002); *see also Green v. JP Morgan Chase Bank Nat'l Ass'n*, 501 F.

App'x 727, 731 (10th Cir. 2012) (unpublished) (concluding that the

statutory scheme would be defeated if we were to find exhaustion based on

inclusion of a claim in the intake questionnaire when the claim is omitted

in a subsequent formal charge).[1] Focusing on the charge form, we conclude

that Mr. Hankishiyev did not exhaust his age-discrimination claim.

Mr. Hankishiyev urges us to allow pursuit of the claim anyway

because of the distress caused by ARUP. But "[s]ubject-matter jurisdiction

involves a court's authority to hear a given type of case, and may not be

waived." *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir.

2004) (internal citation omitted). As a result, the district court correctly

dismissed the age-discrimination claim based on the absence of subject-

matter jurisdiction.

**IV.    Imposition of the Discovery Sanction**

Magistrate judges enjoy the authority to enter discovery rulings. *See*

28 U.S.C. § 636(b)(1)(A). But such rulings are not directly appealable to

this court. *See S.E.C. v. Merrill Scott & Assocs., Ltd.*, 600 F.3d 1262, 1269

(10th Cir. 2010). Before appealing to our court, the aggrieved party must

properly file an objection, obtaining review by the district judge. *Id.* A

---

[1]    *Green* is not precedential, but its analysis of *Federal Express Corp.*
is persuasive.

9

party has fourteen days to object to a nondispositive ruling by a magistrate judge and "may not assign as error a defect in the [magistrate judge's] order not timely objected to." Fed. R. Civ. P. 72(a).

The magistrate ordered sanctions on November 3, 2016, and Mr. Hankishiyev waited 27 days to object. Lack of a properly filed objection precludes our review. *See Merrill*, 600 F.3d at 1269.

## V.    Conclusion

The district court did not err in granting ARUP's motion for summary judgment on the retaliation claim, dismissing Mr. Hankishiyev's claim for age discrimination, and imposing discovery sanctions on Mr. Hankishiyev. We affirm.

Entered for the Court

Robert E. Bacharach
Circuit Judge

10