FILED
United States Court of Appeals
Tenth Circuit

January 5, 2021

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

BRENT MIKELSON,

     Plaintiff - Appellant,

v.

EMERSON CONRAD, III, M.D.; VAIL
HEALTH, d/b/a Vail Health Hospital,

     Defendants - Appellees.

No. 20-1271
(D.C. No. 1:20-CV-01545-PAB)
(D. Colo.)

_____

**ORDER AND JUDGMENT***
_____

Before **HARTZ**, **BALDOCK**, and **CARSON**, Circuit Judges.
_____

The district court sua sponte dismissed Brent Mikelson's complaint because he
failed to provide an evidentiary basis for the allegations in the complaint establishing
diversity jurisdiction. Mr. Mickelson appeals. We exercise jurisdiction under 28
U.S.C. § 1291 and reverse because the district court erroneously required additional
evidence to support Mr. Mikelson's well-pleaded allegations.

_____

* After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Mr. Mikelson filed suit in the United States District Court for the District of Colorado alleging that while under anesthesia during surgery at Vail Health hospital he "suffered a severe hypoxic event that resulted in hypoxic/anoxic brain damage." Aplt. App. at 6. His claims are for medical malpractice by the attending anesthesiologist, Dr. Emerson Conrad, and for vicarious liability against Vail Health because of negligence by its employees.

Mr. Mikelson asserted that the federal district court had jurisdiction under its diversity jurisdiction. *See* 28 U.S.C. § 1332(a) ("[D]istrict courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."). The original complaint alleged that he was a resident of Alabama, that Dr. Conrad was a resident of Colorado, and that Vail Health was "a person" with a principal place of business in Colorado. Aplt. App. at 5. His complaint also alleged damages in excess of $75,000.

Before the defendants answered, the district court issued an order to show cause. The order stated that the allegations of the complaint were "insufficient to demonstrate the citizenship of the parties." *Id.* at 10. It explained (1) that the complaint erroneously alleged Mr. Mikelson's and Dr. Conrad's residences rather than their domiciles, and (2) that the court was "unable to determine Vail Health's citizenship" because the complaint failed to "allege what type of business entity Vail Health is." *Id.* at 11. Because of the insufficient allegations it required Mr. Mikelson

2

to "show cause why th[e] case should not be dismissed . . . [for] lack of subject matter jurisdiction." *Id.* at 12.

Mr. Mikelson responded by filing an amended complaint. It alleged that he was domiciled in and a citizen of Alabama, that Dr. Conrad was domiciled in and a citizen of Colorado, and that Vail Health was a "Colorado corporation" with its principal place of business in Colorado. *Id.* at 16. The amended complaint was otherwise identical to the initial complaint.

The district court then issued a second order to show cause. It said that the court was "still unable to determine the citizenship of any of the parties" because Mr. Mikelson failed to provide an "evidentiary basis" for his allegations. *Id.* at 21. The order also noted that Mr. Mikelson's amended complaint failed to comply with the court's local rules. Accordingly, the court provided Mr. Mikelson "one more opportunity" to show jurisdiction. *Id.* at 22. In response to the second show-cause order Mr. Mikelson refiled the same amended complaint, modified only to comply with the local rules. The court reviewed the refiled amended complaint and acknowledged that it complied with the local rules, but it concluded that it still failed to "address[] any of the jurisdictional deficiencies previously noted." *Id.* at 25. The court dismissed the case before either defendant filed an answer.

We review de novo the district court's dismissal for lack of subject-matter jurisdiction. *See Grynberg v. Kinder Morgan Energy Ptrs.*, 805 F.3d 901, 905 (10th Cir. 2015). A plaintiff bears the burden of establishing jurisdiction. *See Dudnikov v. Chalk & Vermilion Fine Arts*, 514 F.3d 1063, 1070 (10th Cir. 2008). But at the

3

pleading stage we "tak[e] as true all well-pled (that is, plausible, non-conclusory, and non-speculative) facts." *Id.* (citation omitted).

To establish diversity among the parties the plaintiff must allege that all defendants are citizens of a different state than the plaintiff. *See Grynberg*, 805 F.3d at 905. Typically, a plaintiff satisfies this requirement by providing "a short and plain statement of the grounds for the court's jurisdiction" in the complaint. Fed. R. Civ. P. 8(a)(1). For individuals, this jurisdictional statement must identify the person's domicile. *See Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015). For corporations, this statement must identify the state of incorporation and the state where the corporation maintains its principal place of business. *See* 28 U.S.C. § 1332(c)(1).

Plaintiff's amended complaint alleges that Mr. Mikelson is domiciled in and a citizen of Alabama, that Dr. Conrad is domiciled in and a citizen of Colorado, and that Vail Health is a Colorado corporation with its principal place of business in Colorado. These are well-pleaded allegations. As Mr. Mikelson explains, he did not merely allege that diversity exists; rather, he alleged the specific facts supporting diversity. This sufficed to establish complete diversity among the parties. *See Grynberg*, 805 F.3d at 905.

Despite these well-pleaded allegations the district court dismissed Mr. Mikelson's complaint because he did not provide supporting evidence. True, a court can require an evidentiary showing of jurisdiction to resolve disputed facts or inadequate allegations. *Cf. Dart Cherokee Basin Operating Co., LLC v. Owens*, 574

4

U.S. 81, 87–89 (2014) (reversing district court for requiring evidentiary showing to support removal under Class Action Fairness Act; "'a short and plain statement'" typically suffices for removal based on diversity jurisdiction, although additional evidence may be required where diversity allegations are contested (quoting 28 U.S.C. § 1446(a))). And the district court correctly questioned Mr. Mikelson's initial complaint because that complaint alleged Mr. Mikelson's and Dr. Conrad's residences rather than their domiciles, and it failed to identify whether Vail Health was a corporation or some other business entity. *See Siloam Springs Hotel, L.L.C.*, 781 F.3d at 1236–38.

But critically, when the district court issued its first show-cause order, it repeatedly stated that the complaint's "*allegations* [were] insufficient." Aplt. App. at 10 (emphasis added). The show-cause order did not challenge the factual basis for the allegations or otherwise suggest that the complaint required evidentiary support. Thus, Mr. Mikelson's revised allegations should have resolved this matter. No opposing party challenged the allegations. *See Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004) (court may consider evidence "[w]here a party attacks *the factual basis* for subject matter jurisdiction" (emphasis added)). And, as Mr. Mikelson notes, the court never explained why it doubted the revised allegations—either in its second show-cause order or in its order dismissing the complaint. Because Mr. Mikelson's amended complaint sufficiently alleged the basis for diversity jurisdiction, the district court erred in dismissing the complaint.

5

We **REVERSE** the district court's order dismissing the complaint and

**REMAND** for further proceedings consistent with this Order.

Entered for the Court


Harris L Hartz
Circuit Judge