**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 16, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

R. KIRK MCDONALD,

     Plaintiff - Appellant,

v.

COLORADO'S 5TH JUDICIAL
DISTRICT; THE HONORABLE
FREDERICK WALKER GANNETT,
District Court Judge, 5th Judicial District,
Colorado; COLORADO'S 18TH
JUDICIAL DISTRICT;THE
HONORABLE MARK HANNEN, District
Court Judge 18th Judicial District,
Colorado; COLORADO ATTORNEY
GENERAL CYNTHIA COFFMAN;
ARAPAHOE COUNTY DISTRICT
ATTORNEY,

     Defendants - Appellees.

No. 15-1478
(D.C. No. 1:15-CV-02310-LTB)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **BACHARACH**, and **McHUGH**, Circuit Judges.
_____

---

     [*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

R. Kirk McDonald filed a pro se complaint in the district court, claiming his constitutional and civil rights were violated by adverse rulings entered in certain Colorado state-court proceedings.[1]  Although it was unclear whether the state-court proceedings had concluded, the district court determined that dismissal was required under either the *Rooker-Feldman* doctrine[2] if they had or the *Younger* abstention doctrine[3] if they had not.  The court therefore dismissed the case, and Mr. McDonald moved to alter or amend the judgment under Fed. R. Civ. P. 59(e).  After the court denied his motion, Mr. McDonald appealed.  We now affirm for substantially the same reasons stated by the district court.

I

According to the complaint, Mr. McDonald has been engaged in two Colorado state-court actions involving real property.  The first suit he apparently initiated as the "victim of a mortgage fraud scheme" perpetrated by two national banks.  R. at 4.  In connection with that case, he claimed a state court judge from Colorado's 5th judicial district "refused to provide [an] order granting [him] *pro se* status and[,] in an interlocutory order under color of law[,] breached Colorado common and statutory laws by granting partial judgment to [the] lender . . . ."  *Id.* at 11.  In connection with the second suit, which involved a homeowners association (HOA), Mr. McDonald

---

[1]     We liberally construe Mr. McDonald's pro se materials but do not act on his behalf.  *See United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009).

[2]     *See Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923); *D.C. Ct. App. v. Feldman*, 460 U.S. 462 (1983).

[3]     *See Younger v. Harris*, 401 U.S. 37 (1971).

claimed the same state court judge "ruled in favor of [the HOA]" and "refused to provide final judgment to [him] as had been done in the national bank fraud case above, violating [his] civil rights, equal protection rights[,] and due process rights . . . ." *Id.* at 19. Because the judge ruled against him a second time, Mr. McDonald sought to have the judge criminally prosecuted. But state and county prosecutors declined to file charges, and a different judge from Colorado's 18th judicial district refused to hold hearings on the matter or provide Mr. McDonald a transcript. Thus, Mr. McDonald claimed the judge from the 18th judicial district violated his "due process rights, civil rights, and equal protections under Colorado and United States Constitutions." *Id.* at 26.

The district court dismissed the suit under the *Rooker-Feldman* doctrine, which bars federal appellate review of state-court judgments, and the *Younger* abstention doctrine, which prevents federal courts from interfering in ongoing state-court proceedings. The court noted that although it was unclear whether the state proceedings were ongoing, Mr. McDonald alleged his cases had not "concluded because the state court ha[d] intentionally refused to obey appellate court orders, craft and serve final judgments to parties." *Id.* at 24. Given these allegations, the court ruled that if the state proceedings were final, *Rooker-Feldman* applied; if the state proceedings were ongoing, *Younger* applied. The court subsequently denied Mr. McDonald's Rule 59(e) motion, and this appeal followed.

II

We review de novo the district court's dismissal under both the *Rooker-Feldman* doctrine and the *Younger* abstention doctrine. *Campbell v. City of Spencer*, 682 F.3d 1278, 1281 (10th Cir. 2012) (*Rooker-Feldman*); *Taylor v. Jaquez*, 126 F.3d 1294, 1296 (10th Cir. 1997) (*Younger*). As the district court correctly observed, the *Rooker-Feldman* doctrine bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). The doctrine is rooted in 28 U.S.C. § 1257(a), which states that "[f]inal judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court . . . ." By vesting "the Supreme Court with appellate jurisdiction over state-court judgments, [Congress] implied that the lower federal courts lacked authority to review state-court judicial proceedings." *Campbell*, 682 F.3d at 1281. Accordingly, as the district court explained, the proper course for review of state-court judgments is to the state's highest court and then to the Supreme Court under 28 U.S.C. § 1257. *See* R. at 222 (citing *Facio v. Jones*, 929 F.2d 541, 543 (10th Cir. 1991)).

In contrast with *Rooker-Feldman*, the *Younger* abstention doctrine applies when state proceedings have not concluded; it "dictates that federal courts not interfere with state court proceedings by granting equitable relief—such as injunctions of important state proceedings or declaratory judgments regarding

4

constitutional issues in those proceedings—when such relief could adequately be sought before the state court," *Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999) (internal quotation marks omitted). *Younger* abstention, the district court recognized, is non-discretionary and must be applied when three conditions exist:

> (1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.

*Id.* (internal quotation marks omitted).

Here, the district court recognized that the only question is whether the cause should have been dismissed under *Rooker-Feldman* or *Younger*. If the state proceedings have concluded, then dismissal was proper under *Rooker-Feldman* because Mr. McDonald unquestionably seeks review and rejection of the adverse rulings entered in those proceedings. To the extent Mr. McDonald attempted to pursue disciplinary and criminal proceedings against the judge from the 5th judicial district, his claim for declaratory relief against the judge from the 18th judicial district for refusing to entertain those proceedings or provide a transcript still seeks review and rejection of those decisions.[4] Thus, if the state proceedings have

---

[4] It is unclear whether the attempted disciplinary/criminal proceedings were separate from the second real estate action or part of it. It is patently clear, however, that Mr. McDonald seeks to have the district court review and reject the 18th judicial district judge's decisions in that matter. This is precisely the type of federal court review of state-court decisions that *Rooker-Feldman* prohibits.

concluded, the district court correctly ruled that dismissal was required under *Rooker-Feldman*.

If, however, the state proceedings have not concluded, then dismissal was proper under *Younger* because as the district court indicated, the three requisite conditions for *Younger* abstention are all satisfied. Indeed, the first condition—an ongoing state proceeding—is satisfied because Mr. McDonald alleged (and presently maintains) that no final judgment has entered in his state cases. *See* R. at 24 ("The two above cases have not concluded because the state court has intentionally refused to obey appellate court orders, craft and serve final judgments . . . ."); Aplt. Br. at 39 ("There are no judgments in the above cases because the state court has refused to craft and serve either party or specifically Mr. McDonald a final judgment and its interlocutory orders."). The second condition—an adequate state forum—is also satisfied because Mr. McDonald could pursue his constitutional claims in state court. And last, the third condition—a state case involving important state interests—is satisfied because the state proceedings involve real property located within Colorado and Mr. McDonald's efforts to have a state judge criminally prosecuted. Under these circumstances, and accepting Mr. McDonald's allegation that the state proceedings are ongoing, the district court correctly abstained under *Younger*.[5]

_____

[5] Although Mr. McDonald insists *Rooker-Feldman* is inapplicable because the state proceedings are ongoing, he curiously does not challenge or even mention *Younger* abstention anywhere in his appellate brief. His failure to dispute this alternative basis for dismissal necessarily forecloses any prospect of success on appeal. *See Murrell v. Shalala, 43 F.3d 1388, 1389-90 (10th Cir. 1994)*.

6

As for the denial of Mr. McDonald's Rule 59(e) motion, we perceive no abuse of discretion. *See Loughridge v. Chiles Power Supply Co.*, 431 F.3d 1268, 1275 (10th Cir. 2005) (reviewing for abuse of discretion). The district court correctly explained that a Rule 59(e) motion "should be granted only to correct manifest errors of law or to present newly discovered evidence." *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (internal quotation marks omitted). The court also observed that relief may be appropriate when "the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Mr. McDonald's Rule 59(e) motion merely disputed the court's application of the *Rooker-Feldman* doctrine, which was not a misapprehension of the controlling law. The district court acted within its discretion in denying the Rule 59(e) motion.

### III

The judgment of the district court is affirmed for substantially the same reasons stated in the district court's order of dismissal, dated October 23, 2015, and its order denying Mr. McDonald's Rule 59(e) motion, dated November 16, 2015. Mr. McDonald's motion to proceed on appeal without prepayment of costs or fees is granted, but only prepayment of fees is waived, not the fees themselves. *See* 28 U.S.C. § 1915(a)(1). Payment shall be made to the Clerk of the District Court.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

7