**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 31, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

R. KIRK MCDONALD,

     Plaintiff - Appellant,

v.

J.P. MORGAN CHASE BANK, N.A.;
CITIBANK N.A.; CHASE FUNDING
MORTGAGE LOAN ASSET BACKED
CERTIFICATE 2002-4,

     Defendants - Appellees.

No. 15-1168
(D.C. No. 1:12-cv-02749-MSK-MEH)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **HOLMES**, and **McHUGH**, Circuit Judges.
_____

Appellant R. Kirk McDonald, proceeding pro se, appeals the district court's

dismissal of 10 of his 13 claims against the defendants under the *Rooker-Feldman*

doctrine, *see Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v.*

*Feldman*, 460 U.S. 462 (1983), and its grant of summary judgment in their favor on

his remaining claims. Exercising jurisdiction under 28 U.S.C. 1291, we affirm.

--------

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I. Background

Mr. McDonald defaulted on his home loan, and defendant Citibank initiated foreclosure proceedings in Colorado state court. After a hearing, the court issued an order authorizing sale of the property. The day before the sale, Mr. McDonald initiated this action, filing both a complaint and an emergency motion for a temporary restraining order. His efforts to enjoin the sale were unsuccessful, but the case proceeded. His amended complaint purports to assert 13 claims, all of which relate to the foreclosure, which predated the amended complaint.

Claim one is for "conversion." R., Vol. 1 at 237. Mr. McDonald alleges that the defendants prevented him from negotiating a foreclosure deferment and therefore the foreclosure resulted in conversion of his property.

Claims two through five are for "fr[au]d upon the court," "conspiracy to defraud," "civil conspiracy," and "attempting to influence a public servant." *Id.* at 238-41. The gist of the allegations underlying these claims is that the defendants' failure to provide information about the note holder before and during the foreclosure hearing caused him to lose his home.

Claim six is for "willful & wanton negligence." *Id.* at 241. Mr. McDonald alleges that he relied on material false information provided by the defendants and that he was damaged by their conduct.

Claim seven is for "unjust enrichment." *Id.* at 242. Mr. McDonald does not set forth the elements of the offense but reiterates the allegation that the defendants illegally acquired his home through the foreclosure.

Claims eight and nine are for "breach of contract" and "unconscionability." *Id.* at 242-44. The underlying allegations are variations on the same theme. Mr. McDonald asserts that the defendants' conduct breached the covenant of good faith and fair dealing and was substantively and procedurally unconscionable.

Claims 10 and 11 are based on alleged violations of the Real Estate Settlement Procedures Act (RESPA). Mr. McDonald alleges that defendant J.P. Morgan Chase Bank failed to respond to his request for a new loan and that the defendants did not respond to his requests for information about his loan.

Claim 12 is based on an alleged violation of Colo. Rev. Stat. § 38-38-805 (a foreclosure-deferment statute since repealed). Mr. McDonald asserts that the defendants prevented him from obtaining the deferment to which he was entitled and the foreclosure was therefore improper.

Claim 13 is based on an alleged violation of Colo. Rev. Stat. § 38-40-103 (a statute requiring a servicer of a loan to respond to a written request from the debtor for information about the loan) because the defendants allegedly failed to respond to Mr. McDonald's written requests for information.

The complaint requests relief in the form of "[a]ctual and consequential damages in an amount to be proven at trial" as well as attorney fees and costs. *Id.* at 246.

The district court granted in part the defendants' motion to dismiss, concluding that it did not have subject-matter jurisdiction over claims one through nine, and 12. Because those claims sought to invalidate the state-court foreclosure, the court

3

reasoned, they were barred under the *Rooker-Feldman* doctrine, which prohibits lower federal courts from reviewing state-court judgments. *See generally Campbell v. City of Spencer*, 682 F.3d 1278 (10th Cir. 2012). Later, the court granted the defendants' motion for summary judgment, concluding that Mr. McDonald had failed to establish even a prima facie claim with respect to his remaining claims.

## II. Analysis

We review de novo dismissals for lack of subject-matter jurisdiction. *See id.* at 1281. We also review de novo grants of summary judgment. *See Birch v. Polaris Indus., Inc.*, 812 F.3d 1238, 1251 (10th Cir. 2015). Because Mr. McDonald is proceeding pro se, we afford his filings a liberal construction, but we do not act as his advocate. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

Mr. McDonald devotes much of his briefing to issues that we do not address because they are not pertinent to this appeal. We do address his argument that the district court misapplied the *Rooker-Feldman* doctrine to the state-court foreclosure proceedings. We are not persuaded.

The *Rooker-Feldman* doctrine bars claims "complaining of injuries caused by state-court judgments." *Campbell*, 682 F.3d at 1283 (internal quotation marks omitted). In other words, a party who loses in state court may not bring a case seeking review and rejection of the state-court judgment in federal court. *See In re Miller*, 666 F.3d 1255, 1261 (10th Cir. 2012). With respect to claims one through nine, and 12, the district court ruled that that is precisely what Mr. McDonald seeks in this case. For these claims, Mr. McDonald fails to allege any injury that is

4

separate from the state-court-authorized foreclosure.  He argues only that *Rooker-Feldman* is inapplicable because the order authorizing sale was not a final judgment.  But *Rooker-Feldman* does apply to the foreclosure judgment.  *See Dillard v. Bank of New York*, 476 F. App'x 690, 692 n.3 (10th Cir. 2012).

To the extent that Mr. McDonald may have attempted to appeal the district court's grant of summary judgment on claims 10, 11, and 13, he has not adequately presented any argument that would warrant our consideration.  No such argument is even listed in his statement of the issues.  "[W]e routinely have declined to consider arguments that are not raised, or are inadequately presented, in an appellant's opening brief."  *Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007).  "Scattered statements in the appellant's brief are not enough to preserve an issue for appeal."  *Id.* (internal quotation marks omitted).

## III.  Conclusion

The judgment of the district court is affirmed.  Mr. McDonald's motion to submit a supplemental brief is granted.  His motion to proceed in forma pauperis is denied.  *See Rolland v. Primesource Staffing, L.L.C.*, 497 F.3d 1077, 1079 (10th Cir. 2007) (denying motion for leave to proceed in forma pauperis for failure "to show the existence of a reasoned, nonfrivolous argument on the law and facts in support of the

5

issues raised on appeal").

Entered for the Court


Harris L Hartz
Circuit Judge