**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 7, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

R. KIRK MCDONALD,

     Plaintiff - Appellant,

v.

NATIONWIDE TITLE CLEARING, INC.;
ERIKA LANCE, individually and in her
official capacity as employee/supervisor
for National Title Clearing Company,

     Defendants - Appellees.

No. 15-1445
(D.C. No. 1:15-CV-00027-MSK-MEH)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **HOLMES**, and **McHUGH**, Circuit Judges.
_____

    Appellant R. Kirk McDonald, proceeding pro se, appeals the final judgment of

the district court dismissing his claim against Nationwide Title Clearing, Inc. and its

employee, Erika Lance (collectively, Nationwide). Exercising jurisdiction under

28 U.S.C. § 1291, we affirm.

---

   [*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I. Background

Mr. McDonald brought this case in January 2015 with a complaint captioned as an "Ex Parte Motion for Show Cause." R., Vol. 1 at 1. A month later he filed an amended pleading at the direction of the court. It sought an order under Colo. Rev. Stat. § 38-35-204 for Nationwide to show cause why an allegedly spurious lien it created should not be declared invalid. According to Mr. McDonald, Nationwide filed fraudulent lien documents that purported to assign his mortgage from JPMorgan Chase Bank, N.A. to Citibank, N.A. The statute provides, in pertinent part:

> Any person whose real or personal property is affected by a recorded or filed lien or document that the person believes is a spurious lien or spurious document may petition the district court in the county or city and county in which the lien or document was recorded or filed or the federal district court in Colorado for an order to show cause why the lien or document should not be declared invalid.

Colo. Rev. Stat. § 38-35-204(1).

On motion by Nationwide, the district court dismissed the case for lack of subject-matter jurisdiction, among other grounds. We agree with the district court.

## II. Subject-Matter Jurisdiction

We construe Mr. McDonald's pro se pleadings liberally. *See Childs v. Miller*, 713 F.3d 1262, 1264 (10th Cir. 2013). But pro se parties must follow the same rules of procedure as other litigants, *see Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007), and we will not supply additional factual allegations or construct legal theories on their behalf, *see Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009). We review de novo a dismissal for lack of subject-matter jurisdiction. *See*

2

*Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004). "The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction." *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002).

"[F]ederal courts are courts of limited jurisdiction and require both constitutional and statutory authority in order to adjudicate a case." *Estate of Harshman v. Jackson Hole Mountain Resort Corp.*, 379 F.3d 1161, 1164 (10th Cir. 2004). Mr. McDonald's complaint cites Colo. Rev. Stat. § 38-35-204 and 28 U.S.C. § 1367 as bases for the court's jurisdiction. Neither suffices.

Although Colo. Rev. Stat. § 38-35-204 *permits* a proceeding to be brought in federal court under that statute, the state statute itself cannot provide the basis for federal jurisdiction. *See Estate of Harshman*, 379 F.3d at 1164 n.1 ("Federal jurisdiction is limited by Article III . . . [and] also by congressional power to create federal courts and invest them with jurisdiction."). Nor is there supplemental jurisdiction under 28 U.S.C. § 1367, which requires an anchor claim over which the court has or had original jurisdiction. *See id.* "District courts do not otherwise have jurisdiction to hear pendent state law claims but for their intertwinement with claims over which they have original jurisdiction." *Estate of Harshman*, 379 F.3d at 1164. Mr. McDonald asserts only a single claim for relief based on a state statute. In that circumstance, no supplemental jurisdiction can exist.

Although not set forth in his complaint, Mr. McDonald makes two additional arguments for subject-matter jurisdiction. First, he argues there is federal question jurisdiction under 28 U.S.C. § 1331. "[F]ederal jurisdiction demands not only a

3

contested federal issue, but a substantial one, indicating a serious federal interest in claiming the advantages thought to be inherent in a federal forum." *Nicodemus v. Union Pac. Corp.*, 440 F.3d 1227, 1232 (10th Cir. 2006) (internal quotation marks omitted). Here, there is no federal question because Mr. McDonald's claim is based entirely on a state statute and state foreclosure proceedings.

Second, Mr. McDonald argues there is diversity jurisdiction under 28 U.S.C. § 1332. Diversity jurisdiction requires a party to "show that complete diversity of citizenship exists between the parties and that the amount in controversy exceeds $75,000." *Radil*, 384 F.3d at 1225. Mr. McDonald has properly alleged that the adverse parties were citizens of different states, but he has not adequately alleged the necessary amount in controversy. The only relief requested in the complaint is an order for Nationwide to appear in district court to show cause why allegedly spurious lien documents (purportedly transferring the mortgage on Mr. McDonald's property from one bank to another) should not be declared invalid. He has not alleged any monetary damages from the alleged transfer or demonstrated the potential to recover over $75,000 on his claims. As said by the magistrate judge, whose recommendation was adopted by the district court:

> The alleged spurious lien was placed on [Mr. McDonald's] property before Citibank foreclosed on the property, and [he] offers no facts showing that [Nationwide's] actions created any additional encumbrance on his property. The assignment recorded by [Nationwide] on April 26, 2012, merely transferred the existing mortgage on [Mr. McDonald's] property from Chase to Citibank and [he] has not demonstrated any monetary damages as a result of this transfer.

4

R., Vol. 1 at 1134. "Although allegations in the complaint need not be specific or technical in nature, sufficient facts must be alleged to convince the district court that recoverable damages will bear a reasonable relation to the minimum jurisdictional floor." *Adams v. Reliance Standard Life Ins. Co.*, 225 F.3d 1179, 1183 (10th Cir. 2000) (internal quotation marks omitted).[1]

## III. Conclusion

The judgment is affirmed. Mr. McDonald's motion to submit a supplemental brief is granted.

Entered for the Court

Harris L Hartz
Circuit Judge

---

[1] Insofar as Mr. McDonald may be claiming that the allegedly unlawful transfer resulted in an improper foreclosure on his home mortgage, that claim amounts to a challenge to the state-court foreclosure action, which would be barred by the *Rooker-Feldman* doctrine, *see Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983), and which has not been raised here. *See McDonald v. J.P. Morgan Chase Bank, N.A.*, 2016 WL 4547605, ___ F. App'x ___ (10th Cir. Aug. 31, 2016) (rejecting Mr. McDonald's challenges to the foreclosure proceedings).