**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 1, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

REED K. MCDONALD,

    Plaintiff - Appellant,

v.

CITIBANK N.A.; SHANA KLOEK, in her
individual and professional capacity as
Clerk of the Court for Arapahoe County,
Colorado,

    Defendants - Appellees.

No. 21-1313
(D.C. No. 1:21-CV-00427-PAB-NRN)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, **CARSON**, and **ROSSMAN**, Circuit Judges.
_____

Reed K. McDonald, proceeding pro se, appeals the district court's dismissal of

his complaint under the *Rooker-Feldman*[1] doctrine.  He also moves that we certify

eight questions of law to the Colorado Supreme Court and requests leave to proceed

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fid. Tr. Co.*,
263 U.S. 413 (1923).

in forma pauperis (IFP) on appeal. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm the district court's dismissal order and deny both of his motions.

## I. Background

This case arises out of the foreclosure of Mr. McDonald's house and his ultimate eviction through Defendant Citibank N.A.'s forcible entry and detainer (FED) action. This is Mr. McDonald's sixth appeal to this court involving the state-court proceedings and judgment. Our decision in the most recent of his previous appeals describes the factual and procedural background. *See McDonald v. Arapahoe Cnty.*, 755 F. App'x 786, 787-88 (10th Cir. 2018). We do not repeat that background here, other than as necessary to provide context for our consideration of the issues presented in this appeal.

After the Colorado Court of Appeals affirmed the state district court's judgment for possession in the FED action, the state district court issued a writ of restitution for Citibank, ordering that Mr. McDonald be removed from the property. The writ automatically expired because local law enforcement was unable to execute it. At Citibank's request, the state court reissued the writ and Mr. McDonald was evicted soon thereafter. Defendant Shana Kloek was the clerk of court who implemented the court's decision to reissue the writ. Since then, Mr. McDonald has filed numerous lawsuits in both state and federal court challenging the foreclosure and his eviction.

In the suit underlying this appeal, Mr. McDonald asserted civil rights claims under 42 U.S.C. §§ 1983, 1985, and 1986 against Citibank and Ms. Kloek in her

individual and official capacities regarding the issuance and execution of the writ of restitution. He alleged that Ms. Kloek acted without authority or jurisdiction, and that the defendants acted jointly to seek the writ, issued it without notice to him, and concealed its issuance, thereby violating his due process and equal protection rights under the Fourth, Fifth, and Fourteenth Amendments.

Both defendants filed motions to dismiss on various jurisdictional grounds under Fed. R. Civ. P. 12(b)(1) and under Fed. R. Civ. P. 12(b)(6) for failure to state a claim for relief. The district court referred the case to a magistrate judge.

The magistrate judge issued a Report and Recommendation (R&R) recommending that all of Mr. McDonald's claims be dismissed on several grounds. First, the federal district court lacked subject matter jurisdiction because the claims depended on the alleged invalidity of the state-court proceedings and resulting judgment and were therefore barred under the *Rooker-Feldman* doctrine. Second, the Eleventh Amendment and absolute judicial immunity barred the claims against Ms. Kloek. Third, all of Mr. McDonald's claims were time-barred because they accrued in January 2017, when the writ was executed and he was removed from the property, and he did not file his complaint until nearly four years later—well beyond the applicable one- and two-year statutes of limitation.[2] Finally, the constitutional claims against Citibank failed to state a claim because Citibank is not a state actor.

---

[2] Congress prescribed a one-year statute of limitations for claims under 42 U.S.C. § 1986. Because there is no federal statute of limitations for § 1983 and § 1985 actions, Colorado's two-year residual statute of limitations for personal-injury claims applies to those claims. *See Blake v. Dickason*, 997 F.2d 749, 750 (10th Cir.

3

Mr. McDonald filed a timely objection to the R&R, but it exceeded the page limit set by the court's practice standards, so the district court judge struck the objection and ordered Mr. McDonald to file an objection that complied with those standards. He did not file a renewed objection within the deadline the court set. The court then adopted the magistrate judge's recommendations, dismissed the complaint, and entered judgment for defendants. It also denied Mr. McDonald's pending motions, including a motion to certify questions of law to the Colorado Supreme Court.

Soon thereafter, Mr. McDonald filed what he captioned as a "Response and Objection," indicating that he did not receive the order striking his objection and seeking leave to file an objection to the R&R that exceeded the page limitation. R., vol 2 at 633. About a week later, he filed an appeal of the dismissal order. We abated the appeal pending the district court's ruling on the Response and Objection. The district court granted Mr. McDonald's motion to exceed the page limit, construed the Response and Objection as a motion to reconsider, and, after considering the substance of his stricken objections, overruled them and denied the motion to reconsider. We then lifted the abatement.

---

1993); *Crosswhite v. Brown*, 424 F.2d 495, 496 (10th Cir. 1970) (per curiam); Colo. Rev. Stat. § 13-80-102(1)(i) (residual two-year limitations period). The district court rejected Mr. McDonald's tolling arguments.

## II.   Discussion

### 1.  Firm Waiver Rule

As an initial matter, we address whether Mr. McDonald's failure to timely object to the magistrate judge's R&R bars his appeal.

This court has "adopted a firm waiver rule that provides that the failure to make timely objections to the magistrate[ judge's] findings or recommendations waives appellate review of both factual and legal questions." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1059 (10th Cir. 1996) (internal quotation marks omitted).  The rule promotes the efficient use of judicial resources based on "the same rationale that prevents a party from raising an issue before a circuit court of appeals that was not raised before the district court." *Id.* at 1060 (brackets and internal quotation marks omitted).

Mr. McDonald maintained in district court that he did not receive the order striking his objections to the R&R, though he acknowledged he received other orders mailed to him at the same address.  The district court's docket reflects that the court served the order on him by mail and it was not returned as undeliverable.  Accordingly, a rebuttable presumption arose that he received it.  *See Witt v. Roadway Express*, 136 F.3d 1424, 1429-30 (10th Cir. 1998) ("A rebuttable presumption of receipt does arise on evidence that a properly addressed piece of mail is placed in the care of the postal service.").  The district court accepted his representation that he did not receive the order striking the R&R, however, and, in ruling on his motion to reconsider, considered his renewed objection as if it had been timely filed.

We likewise accept Mr. McDonald's assertion that he did not receive the order striking his objection to the R&R—it is possible both that the district court mailed a copy to him and that he did not receive it. Accordingly, we do not apply the firm waiver rule. *See Wirsching v. Colorado*, 360 F.3d 1191, 1197-98 (10th Cir. 2004) (recognizing that firm waiver rule is not jurisdictional and applying interests of justice exception where pro se party claimed he had not received magistrate judge's order and had otherwise been an attentive litigant).

### 2.    Scope of Appeal

Before the district court ruled on his Response and Objection, Mr. McDonald filed a notice of appeal ("NOA") designating the dismissal order and final judgment. On appeal, he purports to challenge both the district court's dismissal order and its denial of his post-judgment motion. But we lack jurisdiction to review the post-judgment order because Mr. McDonald did not amend his NOA or file a new NOA after the district court issued those orders.

"[A] timely notice of appeal in a civil case is jurisdictional." *Alva v. Teen Help*, 469 F.3d 946, 950 (10th Cir. 2006). Under Federal Rule of Appellate Procedure 4(a)(4)(B)(ii), Mr. McDonald's failure to file a new or amended NOA deprives us of jurisdiction to review the order denying his post-judgment motion. *See Husky Ventures, Inc. v. B55 Invs., Ltd.*, 911 F.3d 1000, 1008-09 & n.4 (10th Cir. 2018) (holding appellate court lacked jurisdiction to review denial of motions listed in Rule 4(a)(4)(A) absent a new or amended NOA). This jurisdictional prerequisite applies to pro se parties. *See Jernigan v. Stuchell*, 304 F.3d 1030, 1031-32 (10th Cir.

6

2002). Thus, we have jurisdiction to review only the dismissal order and final judgment, as designated in Mr. McDonald's NOA.[3]

### 3.    Motion to Certify Questions of Law to the Colorado Supreme Court

Mr. McDonald filed a motion asking us to certify to the Colorado Supreme Court eight questions of law related to various actions the defendants took in the state court proceedings. We have discretion to certify questions to a "state's highest court according to that court's rules," 10th Cir. R. 27.4(A)(1), but we decline to do so here.

Under Colorado law, the Colorado Supreme Court may answer a question of law certified to it that "may be determinative of the cause then pending in the certifying court and as to which it appears to the certifying court that there is no controlling precedent in the decisions of the [Colorado] supreme court." Colo. R. App. P. 21.1(a). Mr. McDonald has not acknowledged that standard, much less established that his proposed questions meet it. And we need not determine whether the questions are novel, because they are not dispositive. As our ensuing discussion explains, the dispositive issue in this appeal is whether the district court properly

---

[3] We note that, although the district court did not consider Mr. McDonald's objections before entering the dismissal order and did consider them in denying his post-judgment motion, our lack of jurisdiction to review the post-judgment order and the court's discussion of the Response and Objection ultimately does not affect our review of the dismissal order. We affirm the dismissal order under the *Rooker-Feldman* doctrine and in doing so consider the arguments he raised in his appellate briefs against application of *Rooker-Feldman* to his case, which echo the arguments he raised in his Response and Objection in district court.

dismissed his complaint under the *Rooker-Feldman* doctrine, and the questions he asks us to certify are entirely irrelevant to that issue.[4]

### 4.       Appeal of Dismissal Order

Mr. McDonald takes issue with all of the district court's reasons for dismissing his complaint, while the defendants argue that each of those reasons was sound.  We conclude that the district court correctly dismissed the complaint for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine.  Accordingly, we do not address the parties' other arguments.

"We review de novo a district court's dismissal of a complaint for lack of subject matter jurisdiction."  *Guttman v. Khalsa*, 446 F.3d 1027, 1031 (10th Cir. 2006).  A district court "lacking jurisdiction cannot render judgment but must dismiss the cause [when] it becomes apparent that jurisdiction is lacking."  *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988) (internal quotation marks omitted).  Thus, if the district court lacked subject matter jurisdiction over Mr. McDonald's claims, we need go no further.

The *Rooker-Feldman* doctrine prevents the lower federal courts from exercising jurisdiction over "cases brought by state-court losers" challenging "state-court judgments rendered before the district court proceedings commenced." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).  It

---

[4] Because we conclude that the questions Mr. McDonald asks us to certify do not meet the certification standard, we need not address the defendants' argument that we should deny the motion as untimely.

"prohibits a lower federal court both from considering claims actually decided by a state court, and claims inextricably intertwined with a prior state-court judgment." *Tal v. Hogan*, 453 F.3d 1244, 1256 (10th Cir. 2006) (brackets and internal quotation marks omitted). A federal constitutional claim is inextricably intertwined with the state court's denial of the plaintiff's state court claims if the district court "is in essence being called upon to review the state court decision." *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 482 n.16 (1983); *see also Tal*, 453 F.3d at 1256 (holding that constitutional claims are barred if addressing them would "request the federal court to upset the state court judgment"). "[C]hallenges to a state court judgment are barred even if the claim forming the basis of the challenge was not raised in the state proceedings." *Khalsa*, 446 F.3d at 1031; *see also Feldman*, 460 U.S. at 483 n.16 (recognizing that the fact that constitutional claims were not raised in state court does not mean a federal district court has jurisdiction over the claims).

The crux of Mr. McDonald's claims is that the state district court lacked jurisdiction to issue the writs of restitution while the appeal of the FED judgment was pending. His claims thus depend on the alleged invalidity of the state-court proceedings and ask the federal district court to do what *Rooker-Feldman* prohibits—revisit a state-court judgment. As we explained in our decision affirming the district court's dismissal of one of his previous lawsuits under the *Rooker-Feldman* doctrine:

> Mr. McDonald complains of an injury—the issuance of the writ of restitution and his eviction from the property—that arises out of the judgment for possession that the state court entered in Citibank's favor in the FED action. Although Mr. McDonald's complaint speaks in terms of the County

> violating his constitutional rights in taking his property
> without due process, the deprivation of property that was
> allegedly without due process was the deprivation ordered by
> the state court.  Accordingly, his complaint falls within the
> parameters of the *Rooker-Feldman* doctrine outlined in *Exxon
> Mobil*: his claim is one brought by a state-court loser
> complaining of an injury caused by a state-court judgment.

*McDonald*, 755 F. App'x at 789-90 (citation, ellipsis, and internal quotation marks omitted).  The same holds true in this case—his claims unquestionably sought review and rejection of the state-court writ of restitution.

We are not persuaded otherwise by Mr. McDonald's contention that the *Rooker-Feldman* doctrine does not apply to Colorado's Rule 120 procedure for non-judicial foreclosures.  *See* Colo. R. Civ. P. 120(d)(4) (providing that "[t]he granting of [a Rule 120 motion] shall be without prejudice to the right of any person aggrieved to seek injunctive or other relief in any court of competent jurisdiction"). We recognize that Rule 120 proceedings are not amenable to application of the *Rooker-Feldman* doctrine.  *See Miller v. Deutsche Bank Nat'l Tr. Co. (In re Miller)*, 666 F.3d 1255, 1262 & n.6 (10th Cir. 2012) (concluding that no final judgment is entered in Rule 120 proceedings for purposes of the *Rooker-Feldman* doctrine).  But Mr. McDonald is not seeking to enjoin the sale of his home.  His case is thus distinguishable from *Mayotte v. U.S. Bank N.A.*, 880 F.3d 1169 (10th Cir. 2018), in which the plaintiff who was the defendant in the Rule 120 proceeding filed suit in federal court *before* the sale of the property, seeking to enjoin the sale.  *See id.* at 1171 (holding that the claims were not barred under *Rooker-Feldman* because they did not challenge the underlying Rule 120 proceedings or seek to set aside the Rule

10

120 ruling). Mr. McDonald's claims seek to unravel the foreclosure and eviction judgments, which were both final before he initiated this suit. Thus, the district court correctly concluded that his claims are barred by the *Rooker-Feldman* doctrine and dismissed them for lack of jurisdiction. *See McDonald*, 755 F. App'x at 789-90.

### III.     Mr. McDonald's IFP Motion

Mr. McDonald moves to proceed IFP on appeal. To obtain IFP status, he must show "a financial inability to pay the required filing fees and the existence of a reasoned, nonfrivolous argument on the law and facts." *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991). We need not address whether his financial affidavit establishes his inability to pay, because we have no trouble concluding that his appellate arguments against application of the *Rooker-Feldman* doctrine are frivolous. Mr. McDonald is no stranger to the *Rooker-Feldman* doctrine and its applicability to claims challenging the state-court FED judgment and writs of restitution—this court has affirmed the district court's dismissals under *Rooker-Feldman* of two of his previous lawsuits against different defendants. *See McDonald*, 755 F. App'x at 789-90; *McDonald v. J.P. Morgan Chase Bank*, 661 F. App'x 509, 511-12 (10th Cir. 2016). We also discussed the *Rooker-Feldman* doctrine in our decisions affirming the district court's orders dismissing two of his other lawsuits on other grounds. *See McDonald v. Nationwide Title Clearing, Inc.*, 661 F. App'x 518, 521 n.1 (10th Cir. 2016); *McDonald v. Colo. 5th Jud. Dist.*, 646 F. App'x 697, 699-701 & n.5 (10th Cir. 2016). In one of his appeals of a *Rooker-Feldman* dismissal, we denied his IFP motions on the ground that the appeal

was frivolous.  *See McDonald*, 661 F. App'x at 512.  The arguments he made against application of *Rooker-Feldman* in this appeal are not new—they are the same arguments both the district court and this court have rejected many times before.  We thus deny his IFP motion.

Entered for the Court


Timothy M. Tymkovich
Circuit Judge