FILED
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**March 27, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

_____

RYAN ROBERT WALZ,

    Plaintiff - Appellant,

v.

JESSICA OLIVERI; HALLIDAY,
WATKINS & MANN, P.C.,

    Defendants - Appellees.

No. 24-4118
(D.C. No. 2:24-CV-00724-HCN)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **EID**, **KELLY**, and **CARSON**, Circuit Judges.[**]
_____

Plaintiff-Appellant Ryan Robert Walz, appearing pro se, appeals from the

district court's order dismissing his action for lack of subject matter jurisdiction.  R.

25, 29.  Our jurisdiction arises under 28 U.S.C. § 1291 and we affirm.

Background

Mr. Walz filed a complaint claiming Defendants-Appellees Jessica Oliveri and

Halliday, Watkins & Mann, P.C., violated his due process rights under the Fifth

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Amendment in connection with scheduling and advertising a trustee sale of real property in connection with foreclosure. R. 6–7. Mr. Walz sought an order requiring Defendants to cease activities; he also sought removal of fraudulent or void (his opinion) title documents. Id. at 6. He did not seek monetary relief. Id. A magistrate judge recommended that the action be dismissed without prejudice for lack of subject matter jurisdiction. Id. at 20–21. Though apprised of the consequences of a failure to object to the magistrate judge's report and recommendation, Mr. Walz did not file any objections. Id. at 21. Accordingly, the district judge adopted the report and recommendation and denied pending motions. Id. at 25. After judgment, Mr. Walz moved for reconsideration, but the district court denied relief, ruling that any objections were waived and that relief under Rule 60(b) of the Federal Rules of Civil Procedure was not warranted. Id. at 28.

This court issued an order requiring Mr. Walz to address whether he had waived appellate review by failing to file objections to the magistrate judge's report and recommendation. Rather than responding to the issue at hand, Mr. Walz addressed the merits of his case. See Aplt. Mem. Br. (ECF No. 7).

### Discussion

We review the district court's application of our firm waiver rule de novo. See Harvey v. Butcher, No. 21-4051, 2022 WL 2734397, at *4 (10th Cir. July 14, 2022). Subject matter jurisdiction is also reviewed de novo. Radil v. Sanborn Western Camps, Inc., 384 F.3d 1220, 1224 (10th Cir. 2004). Finally, we construe pro se

2

pleadings liberally, but may not act as an advocate. Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005).

The failure to timely and specifically object to the magistrate judge's report and recommendation ordinarily waives appellate review of factual and legal questions. See 28 U.S.C. § 636(b)(1)(C); Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991). This "firm waiver rule" ensures that matters are brought to the attention of the district court prior to any appeal. United States v. 2121 E. 30th St., 73 F.3d 1057, 1060 (10th Cir. 1996). This rule may be applied to pro-se litigants, provided that notice of when the objection is due and the consequences of a failure to object were provided. Wardell v. Maggard, 470 F.3d 954, 958 (10th Cir. 2006).

On appeal, Mr. Walz argues that he was unaware of the requirement to object and that he "didn't register the magistrate's statement of [his] right to object . . . for some unknown reason." Aplt. Br. at 4 (unnumbered). Essentially, he argues for an "interests of justice" exception which this court may apply after considering a pro se litigant's attempt at compliance, how compelling his explanation for non-compliance is, and the gravity of the issues raised. See Morales-Fernandez v. I.N.S., 418 F.3d 1116, 1119–20 (10th Cir. 2005). He argues that, as a layperson, he was unaware of the procedural requirement that he object to the magistrate's findings, and that this procedural requirement should not bar his substantive rights. Aplt. Br. at 2–5 (unnumbered).

We are unpersuaded, but in any event both the magistrate judge and the district court recognized that the court lacks jurisdiction given that no federal action is

3

alleged, let alone any action under color of state law.  See <u>Koessel v. Sublette Cnty. Sheriff's Dep't</u>, 717 F.3d 736, 748 n.2 (10th Cir. 2013); <u>Mbaku v. Bank of Am. Nat'l Assn.</u>, 628 F. App'x. 968, 974 (10th Cir. 2015); <u>Walz v. Repros Recovery</u>, No. 2:24-cv-809, 2025 WL 615363, at *2 (D. Utah Feb. 26, 2025).  Finding no error, the district court's judgment is

AFFIRMED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge